UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LUIS CASTILLO | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:02-cv-136 |
| | ) | 3:96-cr-043 |
| | ) | *Jarvis* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Luis Castillo ("Castillo"). Castillo's motion to strike the first amended pleading and for leave to file a successive amended pleading will be **GRANTED** to the extent the motion to file the first amendment will be **STRICKEN** and the court will consider the timeliness of the successive amended pleading. Castillo's motion for an evidentiary hearing will be **DENIED**. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

I.   Standard of Review

This court must vacate and set aside Castillo's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Castillo "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Castillo is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

Castillo was convicted by a jury of possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). He was sentenced as a career offender to a term of imprisonment of 262 months. The judgment was affirmed on direct appeal.

*United States v. Castillo*, No. 99-5463, 2000 WL 1800481 (6th Cir. November 28, 2000), *cert. denied*, 532 U.S. 965 (2001).

The Sixth Circuit summarized the evidence against Castillo as follows:

> On February 14, 1996, Teddy Bales, the Chief of Police for Wartburg, Tennessee, received an anonymous drug tip on his office answering machine. The female caller stated that a gray and black vehicle with Florida license plates, possibly driven by a Cuban, would be hauling a large quantity of drugs. The caller also linked the vehicle to a home on Old Mill Road known as the "Mossy" residence. Bales was familiar with the Mossy residence, as he had executed a narcotics search warrant there less than a year before. Bales also knew that occupants of the home had been arrested in connection with narcotics violations.
>
> After receiving the anonymous tip, Bales and other officers began watching for the described vehicle. On his second trip past the Mossy residence, Bales observed a gray and black vehicle with Florida license plates located at the home. He then drove approximately a quarter of a mile down the road and turned around in a parking lot. As Bales did so, he observed the vehicle, which was a Mercury, traveling on Old Mill Road. Bales recognized the driver as Sherry Vespie, who he knew did not have a valid driver's license. The vehicle also contained two other occupants, appellant Castillo and an individual named Patricia Smith. After observing the Mercury, Bales positioned his car behind the vehicle, which stopped in the road. As Bales activated his overhead lights, Vespie slid across her seat into the passenger's position. Appellant Castillo, who had been in the front passenger's seat, exited the Mercury and walked around to the driver's side. At that time, Bales approached the stopped vehicle and obtained Castillo's driver's license. Castillo then accompanied Bales to the patrol car, where the Police Chief began to conduct a driver's license and criminal background check. While waiting for a response from the dispatcher, Bales mentioned his suspicion of drug activity and sought permission to search the Mercury, which was owned by Castillo. When Castillo refused to consent, Bales informed him that a canine unit would be called to sniff for drugs.
>
> Shortly thereafter, Castillo indicated that he was cold, and Bales permitted him to retrieve a coat from his car. When Castillo reached the Mercury, however, he jumped inside and fled at a high rate of speed. Patricia Smith remained in the back seat as Castillo left the scene. Vespie was standing

near the vehicle with other officers as Castillo fled, and she was hit on the leg by an open door.

Upon Castillo's unexpected departure, Bales and other officers pursued him for several miles. The pursuit ended when the officers discovered the Mercury in a ditch. Although Castillo and Smith were gone when the officers arrived, they discovered a blue bag in the woods near the vehicle. The bag contained approximately one-half kilogram of cocaine hydrochloride and $20,000 cash. After the officers located the car and the blue bag, Castillo was apprehended with the assistance of blood hounds.

At the time of the foregoing incident, Vespie was living at the Mossy residence, and she had known Castillo for a few weeks. Just before his encounter with Bales, Castillo had asked Vespie to retrieve a blue bag from the trunk of the Mercury and to bring it inside the Mossy residence so that he could change clothes. Castillo then took the bag into a bathroom for a few minutes. When Castillo reappeared, Vespie returned the blue bag to the trunk at his request. She then left the Mossy residence with Castillo and Smith in the Mercury, only to be stopped by Bales in the manner set forth above.

*United States v. Castillo*, 2000 WL 1800481 at **1-2.

In support of his original § 2255 motion to vacate sentence, Castillo alleges the following: (1) the court exceeded its jurisdiction by sentencing Castillo for a crime with which he was never charged, and (2) the court exceeded its jurisdiction by sentencing Castillo for a crime that was not determined by the jury. The basis for these claims is the U.S. Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Over two years after the original § 2255 motion was filed, Castillo filed a successive amendment to the § 2255 motion to vacate, set aside or correct sentence. In that amendment, he set forth numerous allegations of ineffective assistance of counsel. As discussed below, the court finds that the successive amendment to the § 2255 motion is untimely, and the claims therein will not be considered by the court.

4

III. Discussion

### A. *Untimely Amendment to § 2255 Motion*

Castillo's original *pro se* § 2255 motion was timely filed; the amendment was filed after the expiration of the statute of limitation.[1] The question, then, is whether the successive amendment is timely because it "relates back" to the original filing date.

"An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 640 (2005).[2] *See also Oleson v. United States*, 27 Fed.Appx. 566, 571, 2001 WL 1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument").

---

[1]As a result of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. Castillo's judgment of conviction became final on April 2, 2001, the date the U.S. Supreme Court denied his petition for writ of certiorari. His original § 2255 motion was filed March 18, 2002; the successive amended § 2255 motion was filed June 25, 2004.

[2]The AEDPA established a one-year statute of limitation for both motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and habeas corpus petitions pursuant to 28 U.S.C. § 2254. For the most part §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other. *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *Metheny v. Hamby*, 835 F.2d 672, 673-74 (6th Cir. 1987).

As noted, in the successive amendment to the § 2255 motion, Castillo raises allegations of ineffective assistance of counsel. Castillo's original § 2255 motion did not put the government on notice of his amendments and this court finds that Castillo's successive amendment to his § 2255 motion is time-barred and will not be considered by the court.

### B. Sentence Within Court's Jurisdiction

In the initial presentence investigation report in this case, the probation officer recommended that Castillo be held accountable for a marijuana equivalent of 302.09 kilograms. The computation was based upon the 510.30 grams of cocaine hydrochloride, 28.5 grams of marijuana, and $20,000 that were found in the blue bag; the $20,000 was converted to one kilogram of cocaine, and the equivalent of 200 kilograms of marijuana. This calculation resulted in a base offense level of 26.

Castillo was found to be a career offender, however, within the meaning of U.S.S.G. § 4B1.1(a). Based upon the quantity of drugs, he was subject to a term of imprisonment of not less than 5 years and not more than 40 years. 21 U.S.C. § 841(b)(1)(B). Thus, his base offense level was 34, U.S.S.G. § 4B1.1(b)(B), with a guideline sentence range of 262-327 months.

Castillo objected to the computation of his base offense level, specifically the conversion of the $20,000 to one kilogram of cocaine. The probation officer erred on the side of caution and removed the $20,000 conversion from the guideline calculation, which

6

left Castillo responsible for the equivalent of 102.09 kilograms of marijuana. Castillo's base offense level as a career offender, however, did not change and he was sentenced to a term of imprisonment of 262 months.

Castillo did not raise any other objection to the drug quantity computation. During the sentencing hearing, he agreed that the presentence investigation report was accurate and that he had no further objections. [Criminal Action No. 3:96-cr-043, Court File No. 78, Transcript of Proceedings, pp. 3-4].

Castillo now claims the court lacked jurisdiction to impose a sentence above 20 years. The basis of Castillo's argument is that there was no drug quantity specified in the indictment and that the jury did not make a finding as to drug quantity. According to Castillo, 21 U.S.C. § 841(b)(1)(C) provides a maximum penalty of 20 years (240 months) for an unspecified drug quantity of a Schedule I or II controlled substance. He relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490. In federal prosecutions, such facts must also be charged in the indictment. *Id*. at 476 (citing *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)).

Castillo was sentenced by judgment entered March 30, 1999, and the Sixth Circuit affirmed the conviction on November 28, 2000. *Apprendi* was decided on June 26, 2000, which was after Castillo's sentencing and during his appeal. Other than the objection to the probation officer's conversion of the $20,000 to one kilogram of cocaine, Castillo did not

challenge the court's finding of the drug quantity, and he did not raise an *Apprendi* claim on direct appeal. Accordingly, he has procedurally defaulted his *Apprendi* claim and is barred from raising the same in a § 2255 proceeding, absent a showing of good cause and prejudice. *United States v. Frady*, 456 U.S. 152, 167-168 (1982); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). Castillo has failed to demonstrate cause or prejudice that would excuse his default.

In addition, neither the indictment's failure to specify a drug quantity nor the jury's failure to determine a drug quantity deprived the court of jurisdiction to sentence Castillo to 262 months, given the "overwhelming and uncontroverted evidence" of the drug quantity in this case. *United States v. Cotton*, 535 U.S. 625, 634 (2002) (*Apprendi* error did not seriously affect fairness, integrity, or public reputation of judicial proceedings and thus did not rise to the level of plain error). *See also United States v. Valentine*, 70 Fed.Appx. 314, 320 (6th Cir. 2003) (defendants not entitled to relief under *Apprendi* and plain error analysis, given the "overwhelming and essentially unrefuted" evidence of drug quantity).

Castillo also alleges that the jury did not determine the type or schedule of the drug involved in the offense. For that reasons, he claims he was subject to a term of imprisonment of not more than one year, pursuant to 21 U.S.C. § 841(b)(3). This claim is clearly erroneous. The jury specifically found that Castillo was guilty "of the offense of possession with the intent to distribute cocaine hydrochloride, a schedule II narcotic controlled substance, as charged in the indictment." [Criminal Action No. 3:96-cr-43, Court File No. 62, Verdict Form, p. 1].

IV.     Conclusion

Castillo is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                                s/ James H. Jarvis
                                                              United States District Judge